THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-20833
Summary Calendar

———————————

GARLAND MCGEE; JANICE MCGEE,

Plaintiffs-Appellants,

versus

SIMPSON PASADENA PAPER COMPANY;
AMERICAN INTERNATIONAL GROUP INCORPORATED,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2702)

———————————

September 2, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges:

PER CURIAM:[*]

The plaintiff, Garland McGee (McGee), appeals[2] from the district court's order granting the motions for summary judgment filed by the defendants, Simpson Pasadena Paper Company (Simpson) and American Group International Incorporated (AIG). We affirm.

I.

McGee is the beneficiary under a personal accident insurance policy taken out by his son, Paul McGee (Paul). Paul obtained his insurance coverage from AIG after Simpson's benefits plan materials informed him that he was eligible for this coverage.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Because Janice McGee was not a named beneficiary on the insurance policy at issue, she does not appeal.

In May 1994, Paul suffered an injury while at work and began receiving workers' compensation benefits. In April 1995, while still receiving these benefits, Paul died in an automobile accident. With the aid of a Simpson employee, McGee submitted a claim for the insurance benefits to AIG. AIG denied the claim, contending that Paul's coverage had lapsed at the time of the accident. This decision was affirmed by AIG's ERISA Appeals Committee and McGee then brought suit against Simpson and AIG.

In his first amended complaint, McGee demands judgment for "the sum of $150,000.00 in accordance with the terms of the policy." According to McGee, the defendants have "acted arbitrarily and capriciously in their refusal and failure to pay Plaintiff such sum." In addition, McGee contends that the defendants have acted "arbitrarily and capriciously" by failing to provide him with a "full and fair review" of his claim under the policy. After receiving McGee's complaint, the defendants removed the suit to federal court on the grounds that McGee's claim for benefits was within the preemptive reach of ERISA.

On defendants' motions for summary judgment, the district court ruled that McGee's claim for benefits under the policy failed because Paul was not insured at the time of the accident. The propriety of this ruling is not before us on appeal. In addition, the district court determined that the language from the complaint, which is quoted above, did not put the defendants on notice that McGee was seeking damages as a result of the defendants' failure to notify Paul that his personal accident insurance coverage was going to expire while he was receiving his workers' compensation benefits. Finally, the district court also denied McGee an opportunity to amend his complaint to state explicitly a claim for damages based on a lack of notice to Paul.

II.

On appeal, McGee contends that the district court lacked subject matter jurisdiction over the suit because the benefits plan at issue is not covered by ERISA.[3] In addition, McGee asserts that

---

[3] McGee also contends that the district court lacked diversity jurisdiction over this suit. In light of our holding that the district court possessed federal question jurisdiction, we need not discuss

2

even if jurisdiction was proper, the district court erred by construing his complaint as failing to set forth a claim for liability based on a lack of notice to Paul that his coverage was going to expire. Finally, McGee claims that even if he failed to plead a claim for damages based on a lack of notice, the district court abused its discretion in denying his request to amend his complaint.

A.

With respect to McGee's first contention, we note that if the Simpson benefits plan is covered by ERISA, then the district court had federal question subject matter jurisdiction over McGee's cause of action. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). According to McGee, the plan is not subject to ERISA because it falls under the Department of Labor's "safe harbor" provision. 29 C.F.R. § 2510.3-1(j). Under that regulation, a plan is excluded from ERISA coverage if, among other things, the "sole functions of the employer . . . with respect to the program are, *without endorsing the program*, to permit the insurer to publicize the program to employees . . . , to collect premiums through payroll deductions . . . and to remit them to the insurer." *Id.* (emphasis added). The only dispute regarding subject matter jurisdiction in this case is whether Simpson endorsed the plan that included Paul's accident insurance coverage. If Simpson endorsed this plan, then the safe harbor provision does not apply and the district court possessed federal question subject matter jurisdiction over this case.

We have little trouble concluding that Simpson endorsed the benefits plan containing Paul's accident insurance. To begin with, the summary plan description (SPD) was furnished to Paul in a booklet that had Simpson's name and logo on the cover. This is evidence of endorsement. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1991). In addition, the SPD repeatedly refers to the available benefits as "Simpson Plans" and frequently characterizes Simpson as the "sponsor" of these plans. These references certainly suggest that Simpson stood behind the plan. Further, the SPD notifies potential enrollees that the "Employee Relations office will assist you and/or your dependents in filing . . . personal accident claims." In fact, a Simpson employee assisted McGee

this argument.

3

in filing the very claim at issue in this suit. This level of employer involvement in the administration of a plan also suggests endorsement. *Id.* Finally, the SPD contains several pages explaining that the benefit plans are covered by ERISA. This language in the SPD is "strong evidence that [Simpson] has adopted an ERISA regulated plan." *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1083 (1st Cir. 1990). Taken together, these facts clearly indicate that Simpson endorsed the plan provided by AIG and that ERISA governs McGee's claims. Accordingly, we hold that the district court possessed subject matter jurisdiction over this case.

B.

We next address McGee's claim that the district court erred in construing his complaint as failing to set forth a claim for damages stemming from the defendants' failure to provide Paul with notice that his policy was going to expire. Under "notice" pleading, *see* Fed. R. Civ. P. 8, McGee was required to set forth facts in his complaint that placed the defendants on notice of his possible theories of recovery, whether they arose under state law or ERISA (following removal).[4]

On appeal, however, McGee fails to identify any language in his complaint putting the defendants on notice that he sought damages for their failure to provide notice to Paul in accordance with the terms of the plan. This is because there is no such language in the complaint.[5] As noted above, the only facts alleged in the complaint relate to the denial of McGee's initial claim for benefits and the subsequent denial of his appeal. In addition, we note that McGee failed to articulate a lack of notice claim at a pre-trial conference held by the district court for the purpose of identifying the nature of McGee's claims and the defenses thereto. The transcript of this conference plainly indicates that McGee repeatedly informed the district court that his claim against the defendants stemmed from

[4] Thus, although McGee correctly notes that he was not required to plead any specific claims under ERISA following removal, he nevertheless cannot seriously contend that he was excused from pleading the facts underlying his possible claim regarding the defendants' failure to provide notice simply because the appeals process by AIG was limited to the question of coverage.

[5] Likewise, there is no factual support in the pleadings for McGee's claim, raised for the first time in his reply brief on appeal, that the defendants breached their fiduciary duties under ERISA.

4

the fact that AIG incorrectly concluded that Paul's coverage had lapsed at the time of the accident. According to McGee, coverage existed because AIG incorrectly characterized Paul's period of occupational disability as a leave of absence. As we noted earlier, McGee does not contest on appeal the district court's finding that Paul's personal accident insurance coverage had expired at the time of his death. In light of the language in the complaint and McGee's representations at the pre-trial conference, we hold that the district court did not err in construing McGee's complaint as failing to set forth a claim based on a lack of notice to Paul regarding the expiration of his coverage.

## C.

Finally, we address McGee's argument that the district court abused its discretion in denying him an opportunity to amend his complaint to state explicitly a claim for damages based on the defendants' failure to give Paul notice of the expiration of his coverage. The district court declined to provide McGee with leave to amend his complaint because discovery had been completed five months earlier. We hold that this was not an abuse of discretion. *See Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663 (5th Cir. 1981).

## III.

For the foregoing reasons, we AFFIRM the decision of the district court.